JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

14- W- 2705

14  2705

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Icarus Harmon

## DEFENDANTS
Syndicated Office Systems d/b/a Central Financial Control
X, Y, Z Corporations

**(b)** County of Residence of First Listed Plaintiff  Montgomery County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Dallas County, TX
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Vicki Piontek, Esquire
Piontek Law Office
951 Allentown Road
Lansdale, PA 19446
877-737-8617

Attorneys *(If Known)*
Mark A. DiAntonio, Esquire
McCann & Geschke, P.C.
1800 John F. Kennedy Blvd., Suite 801
Philadelphia, PA 19103
251-568-1133

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question *(U.S. Government Not a Party)*
☐ 2  U.S. Government Defendant
☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
Fair Debt Collection Practices Act 15 U.S.C. Sec. 1962
Brief description of cause:
Alleged violation of FDCPA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 13,101
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

MAY - 9 2014

DATE
05/09/2014

SIGNATURE OF ATTORNEY OF RECORD
Mark A. DiAntonio

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __951 Allentown Road, Lansdale, PA 19446__

Address of Defendant: __1400 S. Douglas Road, Anaheim, CA 92806__

Place of Accident, Incident or Transaction: __Philadelphia, PA__

*(Use Reverse Side For Additional Space)*

`14  2705`

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☒ No☐

Does this case involve multidistrict litigation possibilities?     Yes☐ No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?     Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
(Please specify) __Fair Debt Collection Practices Act__

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*
I, _____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _____      _____      _____
Attorney-at-Law            Attorney I.D.#
NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

MAY - 9 2014

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __May 9, 2014__     __Mark A. DiAntonio__     __81115__
Attorney-at-Law            Attorney I.D.#

CIV. 609 (5/2012)



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

Icarius Harmon                    :            CIVIL ACTION

     v.                    :
                                                          NO.      2705
Syndicated Office System,         :
d/b/a Central Finance Control
and X, Y, Z Corporations

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
  and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
  exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
  commonly referred to as complex and that need special or intense management by
  the court. (See reverse side of this form for a detailed explanation of special
  management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x)

May 9, 2014                    Mark A. DiAntonio        Syndicated Office Systems
**Date**       **Attorney-at-law**    **Attorney for**

215-568-1133                    215-568-1392              diantonio@doclawyers.com

**Telephone**      **FAX Number**    **E-Mail Address**

(Clv. 660) 10/02

MAY - 9 2014

 **McCANN&**
**GESCHKE**
ATTORNEYS AT LAW  a Professional Corporation

Mark A. DiAntonio
*diantonio@doclawyers.com*
215-609-1563



May 9, 2014

**VIA HAND DELIVERY**
U.S. District Court for the Eastern District of Pennsylvania
Clerk of the Court
601 Market Street
Philadelphia, PA  19106

      **Re: Icarus Harmon v. Syndicated Office Systems d/b/a Central Financial Control**
         **Notice of Removal**

Dear Clerk of the Court:

      Enclosed please find a Notice of Removal, Civil Cover Sheet, Case Management Track Designation Form, a Designation Form, and a Certificate of Service. Also enclosed is the filing fee in the form of a check for $400.00 made payable to the Clerk of the Court, USDC ED PA.

      I request that you please file the Notice of Removal and attached documents. Please feel free to contact me if you have any questions.

               Sincerely,

               Mark A. DiAntonio

Enclosure
255-007

MAY - 9 2014

$4400

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

ICARUS HARMON

                Plaintiff,

          v.

SYNDICATED OFFICE SYSTEMS
d/b/a Central Finance Control, and
X, Y, Z CORPORATIONS

            Defendants

:
:
:
:
:
:
:    **Civil No.**
:
:
:
:
:
:

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant,

Syndicated Office Systems d/b/a Central Finance Control, hereby gives notice of

removal of this action from the Court of Common Pleas of Montgomery County,

in the Commonwealth of Pennsylvania, where this action was commenced, to the

United States District Court for the Eastern District of Pennsylvania, the district

embracing the place where the case is pending. In support of this Notice of

Removal, Defendant states the following:

### TIMELINESS AND CONSENT

1.     An action was commenced in the Court of Common Pleas of

        Montgomery County, in the Commonwealth of Pennsylvania,

        captioned *Icarus Harmon v. Syndicated Office Systems d/b/a*

        *Central Finance Control, et al.*, Case ID. No. 2012-06490 (the "state

        court action").

2.      Copies of all process, pleadings and orders sent to Defendants by
        Plaintiff in the state court action are attached hereto as Exhibit "A".
        Additional documents printed from the docket in the state court
        action are attached as Exhibit "B".  The docket report in the state
        court action is attached as Exhibit "C".

3.      Syndicated Office Systems d/b/a Central Finance Control received
        a copy of the Complaint and exhibits thereto via certified mail on
        April 21, 2014.

4.      Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely
        because it was effected within thirty (30) days of receipt of the
        Complaint.

5.      In the Complaint, plaintiff asserts claims under the Fair Debt
        Collection Practices Act (FDCPA), U.S.C. § 1692 *et seq*.

### FEDERAL QUESTION JURISDICTION

6.      28 U.S.C. § 1441(a) provides that "any civil action brought in a
        State Court of which the district courts of the United States have
        original jurisdiction, may be removed by the defendant or the
        defendants, to the district court of the United States for the district
        and division embracing the place where such action is pending."

7.      This Court's subject matter jurisdiction, and the basis for removal, is
        founded upon 28 U.S.C. §§ 1331 and 1367.

8.      Pursuant to 28 U.S.C. § 1331, this Court has original federal

question jurisdiction over Plaintiff's FDCPA claim because that

claim is based on a federal statute.

9.      For these reasons, removal of the state court action is appropriate.

**OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED**

10.     Venue is proper in the District pursuant to 28 U.S.C. § 1446

because the Montgomery County Court of Common Pleas, in the

Commonwealth of Pennsylvania, where this action was filed and

has been pending prior to removal, is a state court within this

federal district and division.

11.     Syndicated Office Systems d/b/a Central Finance Control will

promptly file written notice of removal of this action together with a

copy of this Notice of Removal with the Clerk of the Court in the

Montgomery Court of Common Pleas, in the Commonwealth of

Pennsylvania, in accordance with 28 U.S.C. § 1446(d) and serve it

on Plaintiff's counsel.

12.     A completed Federal Civil Cover Sheet accompanies this Notice of

Removal.

13.     If any question arises as to the propriety of the removal of this

action, Syndicated Office Systems d/b/a Central Finance Control

requests the opportunity to file additional support for this Notice of

Removal by way of affidavits, deposition testimony, expert

testimony, discovery responses, supplemental memoranda, and

legal argument.

WHEREFORE, Defendant, Syndicated Office Systems d/b/a Central

Finance Control, hereby removes this action from the Court of Common Pleas of

Montgomery County, Pennsylvania, to the United States District Court for the

Eastern District of Pennsylvania and that this Court assume jurisdiction of this

action and issue such further orders and processes as may be necessary to

bring it before all parties at trial.


Dated:        May 9, 2014                    /s/  Mark A. DiAntonio_____
                                             Mark A. DiAntonio, Esquire
                                             Attorney ID Number 81115
                                             1800 John F. Kennedy Boulevard
                                             Suite 801
                                             Philadelphia, PA  19103
                                             Phone: (215) 568-1133
                                             Facsimile: (215)568-1392
                                             diantonio@doclawyers.com
                                             Attorney for Defendant,
                                             Syndicated Office Systems
                                             d/b/a Central Financial Control

# EXHIBIT A

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA**

ICARUS HARMON

vs.

SYNDICATED OFFICE SYSTEMS

NO. 2012-06490

## NOTICE TO DEFEND - CIVIL

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
MONTGOMERY BAR ASSOCATION
100 West Airy Street (REAR)
NORRISTOWN, PA 19404-0268

(610) 279-9660, EXTENSION 201

Case# 2012-06490-2 Received at Montgomery County Prothonotary on 04/09/2014 11:45 AM, Fee = $0.00

PRIF0034
R 10/11

Case# 2012-06490-2 Received at Montgomery County Prothonotary on 04/09/2014 11:45 AM, Fee = $0.00

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| Icarus Harmon | : | |
| c/o Piontek Law Office | : | |
| 951 Allentown Road | : | |
| Lansdale, PA 19446, | : | |
| v. | : | |
| Plaintiff | : | |
| SYNDICATED OFFICE SYSTEMS | : | |
| d/b/a Central Finance Control | : | |
| 1445 ROSS AVE., STE 1400 | : | |
| DALLAS, TX 75202 | : | |
| and | : | |
| SYNDICATED OFFICE SYSTEMS | : | |
| d/b/a Central Finance Control | : | 2012-06490 |
| 1400 South Douglas Road | : | |
| Anaheim, CA 92806 | : | |
| and | : | |
| SYNDICATED OFFICE SYSTEMS | : | |
| d/b/a Central Finance Control | : | |
| 3220 Mckelvey Road | : | |
| Hazelwood, MO 63044 | : | |
| and | : | |
| X,Y,Z Corporations | : | |
| Defendant(s) | : | |

# COMPLAINT

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA"). The aforementioned statute prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Jurisdiction and Venue is proper in this jurisdiction because a substantial portion of the acts, omissions, transactions or occurrences took place in this jurisdiction.

3. Jurisdiction and venue is proper in this jurisdiction because the Defendant(s) transact business here and the conduct complained of occurred here.

4. Plaintiff resides in this jurisdiction.

Case# 2012-06490-2 Received at Montgomery County Prothonotary on 04/09/2014 11:45 AM, Fee = $0.00

5.  Icarus Harmon, an adult individual with a mailing address including but not limited to c/o Piontek Law Office, 951 Allentown Road, Lansdale, PA 19446.

6.  Defendants are the following.

   a.  SYNDICATED OFFICE SYSTEMS, d/b/a Central Finance Control, a business entity with an address including but not limited to 1445 ROSS AVE., STE 1400, DALLAS, TX 75202.

   b.  SYNDICATED OFFICE SYSTEMS d/b/a Central Finance Control, a business entity with an address including but not limited to 1400 South Douglas Road, Anaheim, CA 92806

   c.  SYNDICATED OFFICE SYSTEMS d/b/a Central Finance Control, a business entity with an address including but not limited to 3220 Mckelvey Road, Hazelwood, MO 63044.

   d.  X, Y, Z Corporations, business entities whose identities are not know to Plaintiff at this time, but which will become known upon proper discovery. It is believed and averred that such Does played a substantial role in the commission of the acts described in this complaint.

Case# 2012-06490-2 Received at Montgomery County Prothonotary on 04/09/2014 11:45 AM, Fee = $0.00

## COUNT ONE: Violation of Fair Debt Collection Practices Act
### (FDCPA) 15 USC 1692 et. seq.

7. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

8. Plaintiff is a consumer debtor as defined by the FDCPA.

9. Defendant is a debt collector as defined by the FDCPA.

10. Defendants is a debt collector as defined by the FDCPA.

11. At all times mentioned herein, Defendant was attempting to collect on a certain consumer debts from Plaintiff.

12. On or about March 13, 2014, Defendant(s) engaged in a telephone conversation with Plaintiff.

13. The subject of the telephone conversation was certain account which Defendant claimed that Plaintiff originally owed to Hahnemann University Hospital.

14. The alleged Hahnemann University Hospital account that was the subject of the conversation was a consumer accounts for purposes of the FDCPA, 15 USC 1692 et. seq.

15. The alleged account would have been used primarily for Plaintiff's personal use.

16. Defendant's agent, employee or representative spoke to Plaintiff on the phone.

Case# 2012-06490-2 Received at Montgomery County Prothonotary on 04/09/2014 11:45 AM, Fee = $0.00

17. During such conversation, Defendant's agent, employee or representative made the following materially false, misleading, deceptive and unconscionable statements and / or implications.

    a.    That the accounts would continue to be reported to a credit reporting agency(ies) for 7 years from the date that Defendant first started reporting the account to the credit reporting agency(ies), even though the account was alleged delinquent for about a year or more when the account was first reported by Defendant(s).

    b.    That the 7 year limit on consumer reporting pursuant to the Fair Credit Reporting Act, 15 USC 1681 et. seq. starts as of the date that Defendant(s) first reports the account, and not from the date of original delinquency for the account.

18. Defendant(s)' false, misleading statements and / or implications were designed to harass and intimidate Plaintiff.

19. Defendant(s)' false, misleading statements and / or implications were designed to extract payment from Plaintiff.

Case# 2012-06490-2 Received at Montgomery County Prothonotary on 04/09/2014 11:45 AM, Fee = $0.00

20. Defendant(s)' false, misleading statements and / or implications were unconscionable.

21. Defendant(s)' false, misleading statements and / or implications violated 15 USC 1692e and 15 1692 e and 15 USC 1692 e of the FDCPA.

22. Defendant(s) statements were intended to harass, intimidate, confuse and deceive Plaintiff.

23. Defendant violated 15 USC 1692(e) by making materially false statements to Plaintiff.

24. Defendant(s) violated 15 USC 1692(f) by engaging in illegal and unconscionable debt collection practices.

25. In the alternative, if Plaintiff's statements were not false or misleading, and Defendant did intend to report the derogatory information about the consumer accounts on Plaintiff's consumer report for 7 years from the date that Defendant(s) first began to report the accounts, then Defendant would have been engaged in illegal and unconscionable collection activity in violation of 15 USC 1692 g et. seq.

Case# 2012-06490-2 Received at Montgomery County Prothonotary on 04/09/2014 11:45 AM, Fee = $0.00

# DAMAGES

26. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

27. Plaintiff demands $1.00 actual damages at least for phone, fax, lost time, etc.

28. Plaintiff demands $1,000.00 statutory damages under the FDCPA 15 USC 1692k.

29. Plaintiff suffered some emotional distress, anger and frustration as a result of Plaintiff's rights being violated by Defendant. Plaintiff was distressed and angered by the fact that Defendant was engaged in a law-breaking, profit-making enterprise at the expense of Plaintiff and other helpless consumers. The amount of such distress shall be determined at trial.

30. For purposes of a default judgment, Plaintiff believes and avers that the value of such distress is no less than $10,000.00.

**ATTORNEY FEES**

31. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

32. Plaintiff believes and avers that Plaintiff is entitled to reasonable attorney fees for prosecuting this action.

33. Plaintiff believes and avers that such reasonable attorney fees amount to no less than $2,100.00 at a rate of $350.00 per hour. Services include but not limited to the following.

| | | |
|---|---|---|
| a. | Consultation with client, review of file and review of recording | 2 |
| b. | Drafting, editing, review, filing and service of complaint and related documents | 2 |
| c. | Follow up with Defense | 2 |

6 x $350 per hour = $2,100

34. The above stated attorney include time spent plus reasonable follow up.

35. Plaintiff's attorney fees continue to accrue as the case move forward.

Case# 2012-06490-2 Received at Montgomery County Prothonotary on 04/09/2014 11:45 AM, Fee = $0.00

## OTHER RELIEF

36. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

37. Plaintiff seeks such other relief as this honorable Court may deem just and proper.

38. Plaintiff demands all fees and costs associated with prosecuting this action.

39. Plaintiff specifically requests / demands a jury trial in this matter.

Case# 2012-06490-2 Received at Montgomery County Prothonotary on 04/09/2014 11:45 AM, Fee = $0.00

Wherefore, plaintiff demands judgment against defendant in the amount of $13,101.00.

(actual damages, statutory damages, emotional distress and attorney fees).  Plaintiff also

seeks damages for emotional distress, and such other relief as this Honorable Court may

deem appropriate.


Vicki Piontek

_____
Vicki Piontek, Esquire
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA  19446
877-737-8617
Fax:  866-408-6735
palaw@justice.com

4/7/2014
_____
Date

Case# 2012-06490-2 Received at Montgomery County Prothonotary on 04/09/2014 11:45 AM, Fee = $0.00

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA

| | |
|---|---|
| Icarus Harmon<br>c/o Piontek Law Office<br>951 Allentown Road<br>Lansdale, PA 19446,<br>v.<br><br> Plaintiff | :<br>:<br>:<br>:<br>:<br>:<br>: |
| SYNDICATED OFFICE SYSTEMS<br>d/b/a Central Finance Control<br>1445 ROSS AVE., STE 1400<br>DALLAS, TX 75202<br>and<br>SYNDICATED OFFICE SYSTEMS<br>d/b/a Central Finance Control<br>1400 South Douglas Road<br>Anaheim, CA 92806<br>and<br>SYNDICATED OFFICE SYSTEMS<br>d/b/a Central Finance Control<br>3220 Mckelvey Road<br>Hazelwood, MO 63044<br>and<br>X,Y,Z Corporations<br><br> Defendant(s) | :<br>:<br>:<br>:<br>:<br>:    2012-06490<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## VERIFICATION

I, Icarus Harmon, have read the attached Complaint.  The facts stated therein are true and correct
to the best of my knowledge, understanding and belief.

_____        4/6/14
Icarus Harmon                                      Date

# EXHIBIT B

## IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

ICARUS HARMON

vs.

SYNDICATED OFFICE SYSTEMS

NO.  2012-06490

## PRAECIPE FOR APPEARANCE

TO THE PROTHONOTARY:

Please enter my appearance for

SYNDICATED OFFICE SYSTEMS

in the above case.

Date:  05/09/2014

ORIGINAL SIGNATURE RETAINED BY THE FILING PARTY

Signature

MARK A. DIANTONIO

Filing Party

81115

ID Number

MCCANN & GESCHKE

Firm Name

1800 JOHN F KENNEDY BLVD.
SUITE 801

Address

PHILADELPHIA, PA 19103

215-568-1133

Phone

Case# 2012-06490-3 Received at Montgomery County Prothonotary on 05/09/2014 12:52 PM, Fee = $0.00

## CERTIFICATE OF SERVICE

I, Mark A. DiAntonio, attorney for Defendant, Syndicated Office Systems d/b/a

Central Finance Control, certify that a true and correct copy of the attached Notice of

Removal was served upon the parties below by first class U.S. mail, postage pre-paid,

on May 9, 2014:

Vicki Piontek, Esquire
Piontek Law Office
951 Allentown Road
Lansdale, PA 19446
Attorney for Plaintiff


                                    McCann & Geschke, P.C.

                    By:    _____
                                    Mark A. DiAntonio, Esquire
                                    Attorney ID Number 81115
                                    1800 John F. Kennedy Boulevard
                                    Suite 801
                                    Philadelphia, PA  19103
                                    Phone: (215) 568-1133
                                    Facsimile: (215)568-1392
                                    diantonio@doclawyers.com
                                    Attorney for Defendant,
                                    Syndicated Office Systems
                                    d/b/a Central Financial Control

# EXHIBIT C

Back to Search > Case #2012-06490

## Case Details

| | |
|---|---|
| Case Number | 2012-06490 |
| Commencement Date | 3/15/2012 |
| Case Type | Summons Civil Action |
| PFA Number | |
| Caption Plaintiff | HARMON, ICARUS |
| Caption Defendant | SYNDICATED OFFICE SYSTEMS |
| Lis Pendens Indicator | No |
| Status | 2 - OPEN |
| Judge | DANIELE |
| Remarks | |
| Sealed | No |
| Interpreter Needed | |

Docket Date Range: | Docket Entries ▼ |

## Plaintiffs

| Name | Address | Country | Counsel | Notify | Sequence |
|---|---|---|---|---|---|
| HARMON, ICARUS | 951 ALLENTOWN ROAD LANSDALE, PA 19446 UNITED STATES | UNITED STATES | PIONTEK, VICKI | Yes | 1 |

## Defendants

| Name | Address | Country | Counsel | Notify | Sequence |
|---|---|---|---|---|---|
| SYNDICATED OFFICE SYSTEMS | 1445 ROSS AVE STE 1400 DALLAS, TX 75202 UNITED STATES | UNITED STATES | DIANTONIO, MARK | Yes | 1 |
| CENTRAL FINANCE CONTROL | 1400 SOUTH DOUGLAS ROAD ANAHEIM, CA 92806 UNITED STATES | UNITED STATES | | Yes | 2 |
| CENTRAL FINANCE CONTROL | 1445 ROSS AVE STE 1400 DALLAS, TX 75202 UNITED STATES | UNITED STATES | | Yes | 3 |
| CENTRAL FINANCE CONTROL | 3220 MCKELVEY ROAD HAZELWOOD, MO 63044 UNITED STATES | UNITED STATES | | Yes | 4 |
| SYNDICATED OFFICE SYSTEMS | 3220 MCKELVEY ROAD HAZELWOOD, MO 63044 UNITED STATES | UNITED STATES | DIANTONIO, MARK | Yes | 5 |
| SYNDICATED OFFICE SYSTEMS | 1400 SOUTH DOUGLAS ROAD ANAHEIM, CA 92806 UNITED STATES | UNITED STATES | DIANTONIO, MARK | Yes | 6 |

## Garnishees

## Other Party Types

## Docket Entries

| Seg. | Filing Date | Docket Type | Docket Text | Sealed | Filing ID |
|---|---|---|---|---|---|
| 0 | 3/15/2012 | Summons Civil Action | | No | 8782881 |
| 1 | 3/15/2012 | Attorney To Proceed In Forma Pauperis | | No | 8782882 |
| 2 | E 4/9/2014 | Complaint In | | No | 9741118 |
| 3 | E 5/9/2014 | Entry of Appearance | OF MARK A. DIANTONIO FOR SYNDICATED OFFICE SYSTEMS | No | 9783765 |

⊟ **Judgments**

⊟ **Parcel Numbers**

⊟ **Archive Locations**

⊟ **Linked Cases**

Copyright © 2008-2014 Paperless Solutions, Inc. All rights reserved.

## CERTIFICATE OF SERVICE

I, Mark A. DiAntonio, attorney for Defendant, Syndicated Office Systems d/b/a

Central Finance Control, certify that a true and correct copy of the attached Notice of

Removal was served upon the parties below by first class U.S. mail, postage pre-paid,

on May 9, 2014:

Vicki Piontek, Esquire
Piontek Law Office
951 Allentown Road
Lansdale, PA 19446
Attorney for Plaintiff

McCann & Geschke, P.C.

By:      /s/ Mark A. DiAntonio
         Mark A. DiAntonio, Esquire
         Attorney ID Number 81115
         1800 John F. Kennedy Boulevard
         Suite 801
         Philadelphia, PA  19103
         Phone: (215) 568-1133
         Facsimile: (215)568-1392
         diantonio@doclawyers.com
         Attorney for Defendant,
         Syndicated Office Systems
         d/b/a Central Financial Control