# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ICARUS HARMON | : |
| | : |
| Plaintiff, | : |
| | : |
| | : |
| v. | : **Civil No. 2:14-cv-02705-CMR** |
| | : |
| | : |
| SYNDICATED OFFICE SYSTEMS | : |
| d/b/a Central Finance Control, and | : |
| X, Y, Z CORPORATIONS | : |
| | : |
| Defendants | |

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES OF DEFENDANT, SYNDICATED OFFICE SYSTEMS, LLC D/B/A CENTRAL FINANCIAL CONTROL (INCORRECTLY IDENTIFIED AS SYNDICATED OFFICE SYSTEMS D/B/A CENTRAL FINANCE CONTROL)

Defendant, Syndicated Office Systems, LLC d/b/a Central Financial Control, which was incorrectly identified as Syndicated Office Systems d/b/a Central Finance Control ("hereinafter referred to as CFC"), by and through undersigned counsel, responds to Plaintiff's Complaint, by reference to each Paragraph enumerated therein, and states as follows:

1. CFC denies that it violated the Fair Debt Collection Practices Act, or that it engaged in any of the activities referenced herein. Any remaining allegations are conclusion of law to which no response is required. To the extent a response is required, they are denied.

2. These allegations are conclusions of law to which no response is required. To the extent a response is required, they are denied.

3. These allegations are conclusions of law to which no response is required. To the extent a response is required, they are denied.

4. CFC is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, they are denied.

5. CFC is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, they are denied.

6. It is admitted that Syndicated Office Systems, LLC is a business entity with a principal address of 1500 S. Douglass Road, Anaheim, CA 92806, which also maintains a business address of 1445 Ross Ave., Suite 1400 Dallas Texas 75202. Further, it is admitted that Syndicated Office Systems, LLC conducts business through an entity named Central Financial Control. Any remaining allegations directed to this Defendant are denied.

7. CFC hereby incorporates its responses to Paragraphs 1 through 6 herein as if the same were fully set forth herein.

8. These allegations are conclusions of law to which no response is required. To the extent a response is required, they are denied.

9. These allegations are conclusions of law to which no response is required. To the extent a response is required, they are denied.

10. These allegations are conclusions of law to which no response is required. To the extent a response is required, they are denied.

11. Denied as stated. It is admitted that CFC attempted to obtain payment from Plaintiff on a bill for services for which Plaintiff assumed financial responsibility. Any remaining allegations in this Paragraph are denied.

12. It is admitted that on or about March 13, 2014, a CFC representative spoke by telephone with a person who identified himself as the Plaintiff. Any remaining allegations in this Paragraph are denied.

13. It is admitted that Plaintiff called CFC to discuss a bill for services rendered at Hahnemann University Hospital for which Plaintiff assumed financial responsibility. Any remaining allegations in this Paragraph are denied.

14. These allegations are conclusions of law to which no response is required. To the extent a response is required, they are denied.

15. CFC is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, they are denied.

16. It is admitted that on or about March 13, 2014, a CFC representative spoke by telephone with a person who identified himself as the Plaintiff. Any remaining allegations in this Paragraph are denied.

17. It is denied that Defendant and/or its representative(s) made any statements and/or implications that were materially false, misleading, deceptive and/or unconscionable. Any remaining allegations are conclusions of law to which no response is required. To the extent a response is required, they are denied.

18. These allegations are denied.

19. These allegations are denied.

20. These allegations are denied.

21. These allegations are conclusions of law to which no response is required. To the extent a response is required, they are denied.

22. These allegations are denied.

23. These allegations are conclusions of law to which no response is required. To the extent a response is required, they are denied.

24. These allegations are conclusions of law to which no response is required. To the extent a response is required, they are denied.

25. These allegations are conclusions of law to which no response is required. To the extent a response is required, they are denied.

26. CFC hereby incorporates its responses to Paragraphs 1 through 25 herein as if the same were fully set forth herein.

27. CFC denies that Plaintiff sustained any damages as alleged and denies that Plaintiff is entitled to any relief as alleged.

28. CFC denies that Plaintiff sustained any damages as alleged and denies that Plaintiff is entitled to any relief as alleged.

29. CFC denies that Plaintiff sustained any damages as alleged and denies that Plaintiff is entitled to any relief as alleged.

30. CFC denies that Plaintiff sustained any damages as alleged and denies that Plaintiff is entitled to any relief as alleged.

31. CFC hereby incorporates its responses to Paragraphs 1 through 30 herein as if the same were fully set forth herein.

32. CFC denies that Plaintiff sustained any damages as alleged and denies that Plaintiff is entitled to any relief as alleged.

33. CFC denies that Plaintiff sustained any damages as alleged and denies that Plaintiff is entitled to any relief as alleged.

34. CFC denies that Plaintiff sustained any damages as alleged and denies that Plaintiff is entitled to any relief as alleged.

35. CFC denies that Plaintiff sustained any damages as alleged and denies that Plaintiff is entitled to any relief as alleged.

36. CFC hereby incorporates its responses to Paragraphs 1 through 35 herein as if the same were fully set forth herein.

37. CFC denies that Plaintiff sustained any damages as alleged and denies that Plaintiff is entitled to any relief as alleged.

38. CFC denies that Plaintiff sustained any damages as alleged and denies that Plaintiff is entitled to any relief as alleged.

39. No response is required to the request/demand in this Paragraph. To the extent a response is required, CFC denies the allegations.

## **AFFIRMATIVE DEFENSES**

### **First Defense**

Plaintiff has failed to allege facts sufficient to state a claim against CFC upon which relief may be granted and has failed to allege facts sufficient to entitle Plaintiff to the relief demanded, or to any relief from this Defendant.

### **Second Defense**

Plaintiff has brought these claims in bad faith or for the purpose of harassment, thus, entitling CFC to an award of reasonable attorney's fees and costs.

### **Third Defense**

Plaintiff's damages, if any, were not caused by CFC or by any person or entity over whom or which CFC had any control, or for whom or which CFC was responsible.

## Fourth Defense

Plaintiff's damages, if any, resulted from the acts and/or omissions of Plaintiff, either in whole or in part, and were not the result of any acts and/or omissions of this Defendant.

## Fifth Defense

Plaintiff failed to take reasonable measures to mitigate or reduce his damages, if he incurred any damages.

## Sixth Defense

Any information about Plaintiff that CFC may have communicated was true or substantially true.

## Seventh Defense

Any information CFC communicated to Plaintiff was true or substantially true.

## Eighth Defense

At all times CFC acted in good faith, and without malice or willful intent to injure Plaintiff; therefore, Plaintiff's claims against CFC are barred.

## Ninth Defense

At all times CFC maintained procedures reasonably adapted to avoid errors or violations of the Fair Debt Collection Practices Act (15 U.S.C. §§ 1692, et seq.). Any alleged violations by CFC regarding Plaintiff's account, or information communicated to Plaintiff, were not intentional and/or resulted from a bona fide error. Thus, any such claims are barred by 15 U.S.C. § 1692k(c).

### Tenth Defense

At all times the actions and/or omissions of CFC were performed in good faith, and in conformity with, and reliance upon, the current state of the law and advisory opinions; therefore, Plaintiff's claims against CFC are barred by 15 USC § 1692k(e).

### Eleventh Defense

Plaintiff's claims are barred by the equitable theories of estoppel, laches and waiver.

### Twelfth Defense

Plaintiff's claims for relief are barred by the applicable statute of limitations.

### Thirteenth Defense

Plaintiff has failed to join indispensable parties to this claim.

### Fourteenth Defense

Pertaining to any accounts of Plaintiff, CFC has at all times acted in accordance with the applicable laws, including the Fair Debt Collection Practices Act (15 U.S.C. §§ 1692, et seq.), and has conducted a reasonable investigation and made the necessary reports and notices in a timely and diligent manner.

### Fifteenth Defense

Any claims for punitive damages are barred by the applicable provisions of the federal and state statutes, the common law, the U.S. Constitution and the Pennsylvania Constitution, which prohibit, reduce or otherwise limit the award of such damages.

## **Sixteenth Defense**

CFC made no false, misleading or deceptive representations to Plaintiff at any time.

## **Seventeenth Defense**

Plaintiff does not dispute that he is obligated to pay for the account at issue, and has never disputed that he is so obligated.

## **Eighteenth Defense**

CFC has not engaged in any unfair or deceptive practices in its dealings with Plaintiff, has not misrepresented to Plaintiff the character, extent, or amount owed on his account or its status in a legal proceeding, and has not engaged in deceptive or fraudulent conduct which created the likelihood of confusion or, of misunderstanding by, Plaintiff.

## **Nineteenth Defense**

CFC reserves the right to assert any other defenses that may be revealed through discovery or further investigation.

**WHEREFORE,** Defendant, Syndicated Office Systems, LLC d/b/a Central Financial Control, denies that Plaintiff is entitled to any relief; and prays that:

1.  Judgment be entered in favor of Defendant and against Plaintiff as to all claims brought against Defendant;

2.  Plaintiff's claims be dismissed with prejudice;

3.  An award of attorney's fee and costs be granted to Defendant to be paid by Plaintiff; and

4.   The Court shall award such other and further relief as it deems just and

proper.

McCann & Geschke, P.C.

By:      /s/ Mark A. DiAntonio

Mark A. DiAntonio, Esquire
Attorney ID Number: 81115
1800 John F. Kennedy Boulevard
Suite 801
Philadelphia, PA  19103
(215) 568-1133

*Attorneys for Defendant,
Syndicated Office Systems, LLC
d/b/a Central Financial Control
(incorrectly identified as
Syndicated Office Systems d/b/a
Central Finance Control)*